ELODIE LAMBERT, wife, &c. *v.* M. KING.

Plaintiff employed *K.* as her overseer and stipulated that he should receive a portion of the proceeds of the crop as compensation for his services. Plaintiff, on grounds deemed sufficient, dismissed him before his time was up. *Held:* That *K.* was entitled to compensation for the value of his services up to the time of his discharge, and that in estimating the value, reference should be had to the stipulations of the contract; to the probable amount which the defendant would have received, had there been no violation of the contract: and to the probable receipts of the plaintiff, had *K.* discharged his duty in every respect.

APPEAL from the District Court of St. Landry, *Dupré,* J.
*T. H. Lewis* and *Partee,* for plaintiff and appellant. *J. E. King* and *Swayze & Moore,* for defendant.

LEA, J. The defendant was employed by the plaintiff as overseer of her plantation in November, 1853. By the terms of the contract, which was reduced to writing, the defendant was to have the exclusive management of the plantation, and was to "do all the work necessary on said plantation, such as fencing, &c.," for which he was to receive "ten dollars for every 1,100 pounds of sugar" he should make on said plantation, and "should there not be seed cane enough, said party (viz: *Michael King,*) should plant cotton, and receive one-fourth of the nett proceeds of the crop, according to the return of the sales." The defendant moreover agreed to plant corn and "to save such other provisions" as might be necessary for horses, such as hay, fodder, &c. The plaintiff, on her part, agreed to furnish to the defendant, at the date of the contract, nine slaves, and on the first of January, 1854, to add two others to the number; also, such mules, oxen and horses, as might be necessary to the working of the plantation. About the end of August, 1854, the plaintiff considering that the defendant had been guilty of mis-conduct in the management of the plantation, and the treatment of the slaves, as well as in his personal demeanor towards herself, notified him to leave the premises, and discharged him from her service.

The defendant disregarded the notice, and claimed the right under his contract of remaining on the place, whereupon the plaintiff brought suit, claiming that the contract be annulled; that the defendant be enjoined not to interfere further in the management of the plaintiff's plantation, and that he be condemned to pay $2,000 damages. The defendant denies any violation of the contract on his part; alleges a fulfilment of all its obligations; claims compensation in accordance with its terms, and $2,000 damages, with a trial by jury.

We think the evidence shows that the plaintiff was justified in dismissing the defendant from her service, and to that extent, we concur in the verdict of the jury. The defendant was also entitled to a fair remuneration for the value of his services up to the time of his discharge, in estimating which, reference should have been had to the stipulations of the contract; to the probable amount which the defendant would have received, had there been no violation of the contract; and to the probable receipts of the plaintiff, had the defendant discharged his duty in every respect. Considering these as demands in the as-

LAMBERT<br>*v.*<br>KING.

sessment of the remuneration to which the defendant would be entitled, we think a larger sum has been allowed to the plaintiff, than is justified by the evidence, and that, under all the circumstances of the case, substantial justice would be done between the parties by a deduction of $250, from the amount allowed by the jury.

.   It is ordered, that the judgment appealed from, be reversed, and that there be judgment in favor of the plaintiff, *Elodie Lambert*, decreeing that the injunction herein issued, be maintained and made perpetual, and that the defendant, *Michael King*, do have and recover of the plaintiff, *Mrs. Elodie Lambert*, the sum of three hundred and fifty (350) dollars, with interest at the rate of five per cent. per annum, from the 5th day of September, 1854, till paid ; that the costs in the District Court, incident to the injunction, be paid by the defendant, *King*, and all the costs in said court, be paid by the plaintiff. It is further ordered, that the costs of the appeal be paid by said *King*, the defendant and appellee.